BRISCOE, Circuit Judge,
concurring:
I agree with the majority that it was reversible error to allow Union Pacific to introduce evidence of the amount of compensation paid to Richardson in settlement of his 1986 injury. I disagree, however, that the district court abused its discretion in admitting evidence of the 1988 release. I therefore concur.
The release signed by Richardson in 1988 purported to bar further claims against Union Pacific for all injuries “arising out of’ the 1986 accident. Based on this language, Union Pacific asserted in response to Richardson’s current claim that Richardson is not suffering from a new injury, but is undergoing a natural worsening of the 1986 injury or is suffering from a new symptom that “arose out of’ the 1986 injury. Although this is not, as Union Pacific claims, a defense of accord and satisfaction, it is a contractual defense that Union Pacific is entitled to raise and present to a jury. See Callen v. Pennsylvania R. Co., 332 U.S. 625, 629, 68 S.Ct. 296, 92 L.Ed. 242 (1948).
The majority’s own reasoning belies its conclusion that the release is irrelevant. In recasting this case as a typical “aggravation of pre-existing injury” case, the ma *1280 jority concedes that Richardson is entitled only to recover the additional increment of damages caused by the aggravation of his 1986 injury. To support this conclusion, the majority cites Stevens v. Bangor and Aroostook R.R. Co., 97 F.3d 594, 601 (1st Cir.1996). Yet Stevens held that an employer is liable for all of an injured employee’s damages under FELA when the jury cannot apportion damages caused by the employee’s pre-existing condition and the new injury. Id. In this case, it is the language of the release — which prevents Richardson from recovering again for his pre-existing injury — that precludes application of the rule set forth in Stevens and limits Richardson’s recovery to damages caused by any aggravation of his earlier condition. In other words, the majority’s statement regarding the limitation of Richardson’s damages is true only because the express language of the release makes it true.
The majority further concludes that “evidence of release does not assist” Union Pacific’s defense because the 1988 release “does not absolve” Union Pacific of liability for aggravation of the 1986 injury if that aggravation was caused by a new accident. This principle, even if true, has no application here. Union Pacific does not contend the release shielded it from liability for unrelated posN1986 injuries, but only for liability from those injuries that constituted mere manifestations of the 1986 injury or for those injuries “arising out of’ the 1986 injury. None of the cases cited by the majority prevent Union Pacific from raising this release defense or compel exclusion of evidence of the release. Babbitt v. Norfolk & Western Ry. Co. involved only the validity of a release, not its admissibility, see 104 F.3d 89, 92-93 (6th Cir.1997); Stevens v. Bangor and Aroostook R.R. Co. apparently did not involve a release at all, see 97 F.3d at 601; and Wilson v. CSX Transp., Inc., far from finding the release inadmissible, held it was for the jury to determine if the plaintiff had “suffered ‘new’ injuries after signing the release” or if the plaintiffs condition was due to the “progression of his pre-existing disease,” 83 F.3d 742, 745-46 (6th Cir.1996).